(Pleito No. 145.—Fallado el 12 de Septiembre de 1901.)

## Nieto contra El Ayuntamiento de Utuado.

Recurso contra sentencia dictada por la Corte de Distrito de Arecibo.

Préstamo de cosa fungible.    Cuando se celebra un contrato de préstamo de cosa fungible á calidad de reintegro, el prestatario se obliga á devolver otro tanto de la misma especie y calidad, aunque la cosa sufriere alteración en el precio.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á doce de Septiembre de mil novecientos uno, en el pleito seguido ante el Tribunal del Distrito de Arecibo por Don José Nieto y Sierra, propietario, vecino de Utuado, contra el

Ayuntamiento·de esa Ciudad, sobre devolución de cincuenta fanegas de café, ó su importe; pleito pendiente ante Nos, en virtud de recurso de casación por infracción de ley interpuesto por las partes demandante y demandada, representadas y defendidas la primera sucesivamente por los Letrados Don Rafael López Landrón y Don Antonio Alvarez Nava, y la segunda por el Letrado Don Herminio Díaz Navarro.— Resultando : Que con motivo del ciclón de "San Ciriaco" ocurrido en ocho de Agosto de mil ochocientos noventa y nueve, y de la aflictiva situación en que quedó la Ciudad de Utuado, el Alcalde de ésta impetró el auxilio de los vecinos para hacer frente á dicha situación, habiendo contribuído Don José Nieto y Sierra, en calidad de reintegro con cincuenta fanegas de café, que entregó en dos partidas de veinte y cinco fanegas cada una; y como reclamara ante la corporación municipal el reintegro del fruto, se le contestó en veinte y seis de Octubre del mismo año que le sería satisfecho su importe, ó sea la suma en que fué justipreciado y vendido, comunicándosele también posteriormente, ó sea en veinte y cinco de Noviembre siguiente, haberse resuelto por el Gobernador General, á escrito del propio Don José Nieto, que la corporación municipal de Utuado le hiciera pago del importe de las cincuenta fanegas de café con arreglo á las condiciones en que se verificara el préstamo.—Resultando : Que Don José Nieto y Sierra, estableció demanda contra el Ayuntamiento de Utuado ante el Tribunal del Distrito de Arecibo, con fecha veinte y nueve de Marzo de mil novecientos, en cuya demanda fijó como hechos principales los que se dejan expuestos, aclarando que el fruto prestado fué cincuenta fanegas de café seco, en cáscara blanca, y de primera clase, que entonces, en la fecha de la demanda valían en el mercado de la Isla mil quinientos pesos de la moneda provincial; invocó como fundamentos de derecho los artículos 1,113, 1,128, 1,256, 1,258, 1,282, 1,740, 1,750, 1,753 y 1,754 del Código Civil, con las leyes 1ª, 8ª y 10ª del Título 1º de la Partida 5ª; y concluyó con la súplica de

que por definitiva se condenara á la corporación municipal de Utuado á devolverle, dentro del plazo que fije el Tribunal, las cincuenta fanegas de café en cáscara blanca, seco, y de primera clase, ó á satisfacerle íntegramente lo que importe dicho fruto, el día señalado para su reintegro, con costas, gastos, daños y perjuicios.—Resultando : Que al escrito de demanda acompañó Don José Nieto, varias comunicaciones del Alcalde de Utuado, con fecha diez y nueve, veinte, veinte y cuatro y veinte y cinco de Agosto de mil ochocientos noventa y nueve, reclamándole la entrega ó remisión de las cincuenta fanegas de café cedidas por Nieto, en calidad de reintegro ; una certificación expedida por la Secretaría del Ayuntamiento de Utuado sobre haberse enterado éste, en sesión de treinta de Agosto citado, de que dicho Nieto había contribuído en calidad de reintegro con cincuenta fanegas de café cuyo montante se sabría tan pronto fuere justipreciado y vendido; otra comunicación del Alcalde de Utuado, de veinte y seis de Octubre del año expresado, en que se comunica á Nieto que se le satisfaría el importe del café, ó sea la suma en que fué justipreciado y vendido; y otra comunicación de la misma Alcaldía de veinte y cinco de Noviembre siguiente en que se hace saber á Nieto que el Gobierno General de esta Isla, de acuerdo con el dictamen de la Secretaría Civil, había resuelto que por el Ayuntamiento dé Utuado se atendiera, tan pronto contara con fondos suficientes para ello, al pago de la cantidad que adeudaba á Nieto por las cincuenta fanegas de café, con arreglo á las condiciones en que se verificara el préstamo.—Resultando: Que el Ayuntamiento de Utuado impugnó la demanda, alegando que Nieto cedió al Alcalde de dicha Ciudad una cantidad del café para ser reintegrada al precio de cotización de aquella época, por lo que el Ayuntamiento, con buen sentido, acordó el pago de café cedido al precio en que fué justipreciado y vendido, sin que contra ese acuerdo utilizara Nieto los recursos gubernativos que la ley le ofrece, no obstante lo cual reclama otro tanto del café entregado

ó su precio, que en la fecha de la demanda era doble del en que fué vendido; y terminó con la súplica de que se declarara sin lugar la demanda, con las costas á Don José Nieto.—Resultando:   Que recibido el juicio á prueba y practicadas las propuestas por las partes, entre otras la de confesión del Ayuntamiento de Utuado, el Tribunal de Distrito de Arecibo, por sentencia de siete de Diciembre último, condenó á dicho Ayuntamiento á satisfacer al demandante, en el término de quince días, la cantidad en que realizara las cincuenta fanegas de café que le fueron facilitadas, declarándose sin lugar las demás pretensiones de la parte actora, sin especial condenación de costas.—Resultando:   Que contra esa sentencia ha interpuesto Don José Nieto y Sierra recurso de casación por infracción de ley, autorizado por los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, citando como infringidos:—1º   El artículo 1,753 del Código Civil en relación con el 1,740, por cuanto el demandante facilitó ó dió en préstamo al Ayuntamiento de Utuado cincuenta fanegas de café para salvar la crítica situación creada por el ciclón ocurrido en ocho de Agosto de mil ochocientos noventa y nueve, según lo confiesa la parte demandada, y por tanto debe devolvérsele otro tanto de la misma especie y calidad de la cosa fungible prestada.—2º   Infracción del artículo 1,754 del mismo Código, en su párrafo 2º, por cuanto en el caso de ser lo prestado una cosa fungible, el deudor debe una cantidad igual á la recibida y de la misma especie y calidad, aunque haya sufrido alteración en su precio, siendo claro en su consecuencia que á Nieto deben devolvérsele cincuenta fanegas de café de la misma especie y calidad que el prestado, ó pagársele el precio que ese fruto tenga en plaza el día en que deba verificarse la entrega.—3º   El artículo 1,232 del Código Civil, en cuanto al error en la apreciación de la prueba, toda vez que el Ayuntamiento de Utuado confiesa haber recibido de Don José Nieto cincuenta fanegas de café para reintegrárselas sin condiciones, y desde el momento en que sólo se condena al Ayuntamiento al

reintegro de la cantidad en que vendió el café, se admite como existente una condición que no se pactó en el contrato, con relación á la forma en que debiera verificarse el reintegro,—4º ·El artículo 1,218 del repetido Código, por cuanto en los documentos públicos utilizados como pruebas, sólo consta el auxilio prestado por Don José Nieto al Ayuntamiento de Utuado, facilitándole cincuenta fanegas de café, sin condiciones y á título de reintegro, lo cual caracteriza el contrato de préstamo de cosas fungibles.—5º Los artículos 1,089 y 1,091 del Código Civil, pues estando probado el hecho de haber recibido el Ayuntamiento de Utuado las cincuenta fanegas de café, sin que existan condiciones ni cláusulas que modifiquen las relaciones jurídicas establecidas entre las partes contratantes, es claro que procede devolver á Nieto otro tanto de la misma especie y calidad, en cumplimiento de lo que dispone el ·artículo 1,753 del propio cuerpo legal.—6º El artículo 1,113 del Código Civil, en atención á que no habiéndose fijado término para la devolución del fruto prestado, ésta·debía verificarse tan pronto como se restableció la normalidad alterada por los efectos del ciclón.—Resultando: Que también el Ayuntamiento de Utuado interpuso contra la misma sentencia recurso de casación por infracción de ley, fundándose en haberse infringido, en el pronunciamiento sobre costas, la regla 62 de la Orden General número 118 de la serie de mil ochocientos noventa y nueve, sin que se cite el artículo de la Ley de Enjuiciamiento Civil que autoriza dicho recurso, ni el caso en que está comprendido.—Visto: Siendo Ponente el Juez Asociado Don Louis Sulzbacher.—Considerando: Que por confesión del Ayuntamiento de Utuado, por el acuerdo de dicho Ayuntamiento, relativo á haberse enterado de que Don José Nieto había contribuído en calidad de reintegro con cincuenta fanegas de café para hacer frente á la situación aflictiva que originó el ciclón de San Ciriaco, y finalmente por las comunicaciones que el Alcalde de dicha Ciudad dirigió á Nieto reclamándole la entrega del café

cedido en calidad de reintegro, está cumplidamente justi-
ficado en el juicio que el expresado Nieto facilitó á aquel
Ayuntamiento cincuenta fanegas de café, de que debía ser
reintegrado, sin que sobre la forma y manera del reintegro
se pactara condición alguna; y que por tanto, al estimar
el Tribunal sentenciador que el reintegro debía hacerse de la
cantidad en que fué vendido el repetido grano, ha incurrido,
al apreciar las pruebas, en los errores que se le atribuyen
en el 3º y 4º motivos del recurso, con infracción de los
artículos 1,218 y 1,232 del Código Civil, pues ha dado á los
documentos públicos de que se deja hecho mérito un alcance
legal que no tienen, y ha negado á la prueba de confesión la
eficacia que la ley le otorga.—Considerando: Que estando
justificado, según se deja expuesto, que el Ayuntamiento de
Utuado recibió de Don José Nieto las cincuenta fanegas de
café, que tiene el concepto de bien fungible, á calidad de
reintegro, es claro que ambas partes celebraron un contrato
de préstamo de cosa fungible, tal como lo define el artículo
1,740 del Código Civil, y que por tanto el Ayuntamiento de
Utuado, al adquirir la propiedad del fruto, se obligó á
devolver á Nieto otro tanto de la misma especie y calidad,
aunque el grano sufriera alteración en su precio, según así se
estatuye por los artículos 1,753 y 1,754 del mismo Código,
los cuales por tanto, en unión del 1,740, citados los tres en el
1º y 2º motivos del recurso, han sido infringidos en el fallo
recurrido, al estimarse que el Ayuntamiento de Utuado
solamente está obligado á entregar al recurrente la cantidad
representada por el precio en que fué vendido el café.—
Considerando: Que igualmente han sido infringidos los
artículos 1,089 y 1,091 del repetido Código Civil, que se
invocan en el 5º motivo del recurso, por cuanto, derivándose
del contrato de préstamo respecto del prestatario las obliga-
ciones ya expuestas, esas obligaciones deben cumplirse, y por
la sentencia recurrida no se ha compelido á la parte deman-
dada á semejante cumplimiento.—Considerando: Que de
la naturaleza y circunstancias del préstamo hecho por Don

José Nieto al Ayuntamiento de Utuado, se desprende que aquél quiso conceder á éste un plazo para el reintegro del café; y que por tanto, según el artículo 1,128 del Código Civil, el término de ese plazo debe fijarse por el Tribunal, no siendo en su virtud aplicable al caso de autos, en el sentido que se pretende, el artículo 1,113 del repetido Código, que se cita como infringido en el sexto motivo del recurso ; aparte de que el demandante sólo pidió en su demanda sea condenada la Corporación Municipal de Utuado, á devolverle, dentro del plazo que fije el Tribunal, las cincuenta fanegas de café, ó á satisfacerle íntegramente lo que importe dicho fruto en el día señalado para su reintegro, y no cabe variar en casación los términos del problema jurídico planteado en el juicio.—Considerando : Que el recurso interpuesto por el Ayuntamiento de Utuado, no lo ha sido en la forma que previene el artículo 1,690 de la Ley de Enjuiciamiento Civil, pues no se cita el artículo de dicha ley que lo autoriza, ni el caso en que está comprendido, sin que ese defecto haya sido subsanado ante este Tribunal, por la representación de dicho Ayuntamiento, dentro del término en que pudo hacerlo, por lo que dicho recurso carece de condiciones de viabilidad, y no cabe resolverlo.—Fallamos : Que debemos declarar y declaramos haber lugar al recurso de casación interpuesto por Don José Nieto, y sin lugar á resolver el del Ayuntamiento de Utuado, sin especial condenación de costas ; y en su consecuencia, casamos y anulamos la sentencia que en siete de Diciembre último dictó el Tribunal del Distrito de Arecibo, lo que, con la sentencia que á continuación se dicta, se comunique al expresado Tribunal, á los efectos consiguientes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia

por el Sr. Juez Asociado del Tribunal Supremo Don Louis Sulzbacher, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario sustituto, certifico en Puerto Rico, á doce de Septiembre de mil novecientos uno. —Eugenio Alvarez. *Secretario sustituto.*